UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────────────────────

State Farm Mutual Automobile
Insurance Company and State Farm
Fire and Casualty Company,

Court File No. _____

                Plaintiffs,

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

v.

Healthcare Chiropractic Clinic, Inc.,
and Huy Nguyen, D.C.,

                Defendants.

───────────────────────────────────────────────

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company of Bloomington, Illinois (hereinafter collectively referred to as "State Farm") for their Complaint and Jury Trial Demand state and allege as follows:

## I.  NATURE OF THE ACTION

1.  This Action seeks to recover insurance benefits paid by State Farm from January 2007 to January 2015 in reliance on intentional misrepresentations by Healthcare Chiropractic Clinic, Inc. ("Healthcare Chiropractic Clinic"), a chiropractic facility, and Huy Nguyen ("Nguyen"), Healthcare Chiropractic's owner, for treatment purportedly provided to individuals who were involved in motor vehicle accidents ("Insureds") and who received personal-injury-protection benefits under State Farm's insurance policies.

1

2.      Healthcare Chiropractic Clinic and Nguyen, fraudulently diagnosed the health conditions of Insureds, directed medically unnecessary chiropractic care and treatment that was not tailored to or designed to benefit the patients' unique needs and submitted bills and supporting documentation for the unnecessary care and treatment to State Farm with the intent to defraud State Farm. The bills and related documentation that Healthcare Chiropractic Clinic submitted to State Farm constitute intentional misrepresentations of material fact because the services were not performed as represented and the records do not accurately represent the condition of the individual insureds. In reliance upon the fraudulent bills and supporting documentation, State Farm made insurance benefit payments. Healthcare Chiropractic Clinic and Nguyen (Healthcare Chiropractic Clinic and Nguyen collectively referred to as "Defendants") together perpetrated this scheme to defraud State Farm.

3.      Chiropractic care plans must be tailored to the needs of each individual patient. Healthcare Chiropractic Clinic and Nguyen, however, provided the same type of care, including adjustments and modalities, to virtually every patient, irrespective of the diagnosis. These modalities were billed to State Farm. Insureds have testified that they did not receive all of the modalities as represented in the Healthcare Chiropractic Clinic records, bills and supporting documentation.

4.      The medical records, bills and supporting documentation that Healthcare Chiropractic Clinic submitted to State Farm from January 2007 to

January 2015 are the product of a fraudulent, predetermined protocol that Defendants designed and carried out for examining, diagnosing, and treating all Healthcare Chiropractic Clinic patients. The predetermined protocol was not designed to provide legitimate examinations, diagnoses or medically necessary services to the Insureds.

5.     The predetermined protocol was designed and implemented to enrich Healthcare Chiropractic Clinic and Nguyen by maximizing the amount of personal-injury-protection or no-fault benefits that could be collected by Defendants from State Farm.

6.     As part of the predetermined protocol, the Healthcare Chiropractic Clinic records and supporting documentation represent examinations that were not performed as stated and examination findings that lack any credible support. The examinations were not designed to legitimately diagnose Insureds. Rather, the examinations were only designed to support the predetermined protocol and associated treatment plans in order to generate and submit fraudulent billings and supporting documentation.

7.     For patients who have been involved in motor vehicle accidents and have complaints of neck and back pain, a complete, initial examination must be performed to arrive at a legitimate diagnosis. In order to arrive at a legitimate diagnosis, a licensed professional must obtain a history from the patient and perform a physical examination. Thereafter, the licensed professional must

engage in reasoned, medical decision-making to design a treatment plan that is tailored to the individual patient's condition and needs.

8.     In short, while patients in typical, legitimate treatment settings receive individualized diagnoses and treatment plans tailored to individual needs, the Insureds who were diagnosed and directed to obtain chiropractic care at Healthcare Chiropractic Clinic did not. Instead, those patients' diagnoses, treatment plans, and chiropractic care were predetermined and designed to keep the Insureds treating at Healthcare Chiropractic Clinic for as long as possible. To that end, the predetermined protocol includes Healthcare Chiropractic Clinic's and Nguyen's (a) failure to legitimately examine Insureds to determine the true nature and extent of their injuries, (b) purported diagnoses of virtually all Insureds with a combination of cervical, thoracic, lumbar, and extremity sprain/strains, (c) default treatment frequency of three times per week and (d) default, identical adjustments and passive modalities. The predetermined protocol for chiropractic care was then implemented by Healthcare Chiropractic Clinic and Nguyen for virtually all Insureds, without regard to medical necessity or the Insureds' unique circumstances and needs.

9.     Healthcare Chiropractic Clinic and Nguyen submitted medical records, medical bills and supporting documentation to State Farm for services that were not rendered and submitted documents to State Farm in which Healthcare Chiropractic Clinic falsely represented that the examinations, diagnoses, and treatments purportedly rendered to the patients were medically

4

necessary when, in fact, the services either were not performed as represented or were not medically necessary.

10.     As a result of the predetermined protocol, Insureds were not legitimately examined, diagnosed, and appropriately treated for conditions that they may have had, and Insureds were subjected to a predetermined laundry list of treatments — including adjustments, hot and/or cold packs, electrical muscle stimulation, and manual therapy/massage — for conditions that they may not have had.

11.     Over the course of Defendants' scheme, Defendants have knowingly submitted or caused to be submitted, fraudulent bills and supporting documentation to State Farm. State Farm justifiably relied on Defendants' fraudulent misrepresentations. As a direct and proximate result of the scheme, from January 2007 to January 2015, State Farm has paid over one million three hundred eight thousand thirteen dollars and ninety nine cents ($1,308,013.99) to Defendants. The chart attached hereto as Exhibit A identifies at least one hundred eighty five insureds for which State Farm has paid more than $1,308,013.99 for services and treatment Defendants have fraudulently billed to State Farm.

12.     Defendants' scheme began in at least 2006 and has continued uninterrupted since that time.

13.     Based on Defendants' affirmative misrepresentations and acts of concealment, which are set forth below, State Farm did not discover and could

5

not have reasonably discovered that its damages were attributable to fraud until shortly before this complaint was filed.

14.     This action seeks a declaratory judgment that the bills submitted to State Farm by Healthcare Chiropractic Clinic and Nguyen are not owed based on the misrepresentations as more fully set forth in this Complaint. This action also asserts common law and statutory claims for fraud and misrepresentation and unjust enrichment.

## II.     JURISDICTION AND VENUE

15.     Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states where the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

16.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a) as Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## III.    PARTIES

17.     Plaintiff State Farm Mutual Automobile Insurance Company is an insurance corporation that is incorporated under the laws of the State of Illinois, with its principal place of business in Bloomington, Illinois and is, therefore, a citizen of Illinois.

18.     Plaintiff State Farm Fire and Casualty Company is an insurance corporation incorporated under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois and is, therefore, a citizen of Illinois.

19.     Defendant Healthcare Chiropractic Clinic, Inc. is a Minnesota corporation. Healthcare Chiropractic Clinic filed its articles of incorporation on August 11, 2004 in the State of Minnesota. Defendant Healthcare Chiropractic Clinic identifies its principle place of business as 2645 1st Ave S, Minneapolis, Minnesota. Defendant Healthcare Chiropractic Clinic also maintains and operates a clinic located at 5820 - 74th Avenue North, Suite 102, Brooklyn Park, Minnesota. Defendant Healthcare Chiropractic Clinic is incorporated under the laws of the State of Minnesota with its principal place of business in the State of Minnesota, and therefore, Defendant Healthcare Chiropractic is a citizen of the State of Minnesota.

20.     Defendant Nguyen is the Chief Financial Officer and owner of Healthcare Chiropractic Clinic. Defendant Nguyen resides in the State of Minnesota and is a citizen of the State of Minnesota. Nguyen is a chiropractor licensed to practice in the State of Minnesota.

## IV.   FACTUAL ALLEGATIONS

21.     State Farm provides automobile insurance coverage in the State of Minnesota. The automobile insurance coverage includes personal-injury-protection or no-fault benefits. Personal-injury-protection or no-fault coverage is provided pursuant to the Minnesota No-Fault Automobile Insurance Act, Minn.

Stat. § 65B.41, *et seq.* ("No-Fault Act") and the terms of the State Farm insurance policies.

22.　Each automobile insurance policy provides a minimum of twenty thousand dollars ($20,000) in medical expense benefits coverage for each claimant for injuries arising out of the maintenance or use of a motor vehicle.

23.　Medical expense benefits payable under the personal-injury-protection coverage may include expenses incurred by individual claimants for chiropractic care.

24.　Healthcare Chiropractic Clinic and Nguyen purport to evaluate and treat individuals who have been in motor vehicle accidents and complain of neck and back pain, among other things.

25.　When an individual is involved in a motor vehicle accident and complains of neck and back pain, a legitimate, initial examination must be performed to arrive at a legitimate and medically supported diagnosis. To arrive at a medically supported diagnosis, a licensed chiropractic professional must obtain a history from a patient and perform an examination of the patient. Based upon the medically supported diagnosis, a licensed chiropractic professional must engage in medical decision-making to design a legitimate treatment plan that is tailored to the unique needs and circumstances of each patient.

26.　It is reasonable that a legitimate treatment plan for an individual with strain and/or sprain injuries may involve no treatment at all because many of

8

these types of injuries may heal within weeks without any intervention, medication, passive modalities including electrical muscle stimulation, heat, and massage, or active therapies including stretching, exercise, and muscle strengthening.

27.    The decision regarding which, if any, types of treatment are appropriate for each individual, as well as the level, frequency and duration of the various treatments, should vary depending on the individual's unique circumstances, including his or her age, social history, family history, medical history, physical condition, physical limitations or ability, the location of injury, nature of injury, severity of injury, and response to treatment.

28.    The treatment plans should also be periodically reevaluated and modified based on the progress of the patient. Moreover, patients should be discharged from care when no additional treatment will improve the patient's condition.

29.    The process of examination, diagnosis, and treatment must be documented for the benefit of (a) the licensed professionals involved in the patient's care; (b) other licensed professionals who may treat the patient contemporaneously or subsequently; (c) the patients themselves whose care and condition necessarily depends on the documentation of this information; and (d) payors such as State Farm which are required to pay for reasonable and necessary treatment.

30.   Insureds that were seen at Healthcare Chiropractic Clinic were examined and diagnosed by chiropractors, including Nguyen, in order to support a predetermined course of chiropractic care. As a result, the care allegedly provided by Healthcare Chiropractic Clinic and Nguyen to the Insureds was not legitimate. Further, Healthcare Chiropractic Clinic's documentation of examinations and treatment is fraudulent because the pervasive patterns in the documentation lack any credible support, and the documentation reflects services that either were not performed or were not medically necessary.

31.   The chiropractic examinations purportedly performed at Healthcare Chiropractic Clinic by Nguyen and others resulted in repeated, stock, cookie-cutter diagnoses of cervical sprain/strain, thoracic sprain/strain and lumbar sprain/strain. (See Exhibit B annexed hereto, which forms the basis for these allegations.) This pattern and protocol was designed to enable Healthcare Chiropractic Clinic and Nguyen to continue to bill for predetermined and medically unnecessary chiropractic care so as to inflate the amount of no-fault benefits that were claimed and paid.

32.   The chiropractic examinations purportedly performed at Healthcare Chiropractic Clinic by Nguyen and others resulted in stock, repeated cookie-cutter treatment recommendations, for virtually all of the patients examined. (See Exhibit C annexed hereto, which forms the basis for these allegations.) This pattern and protocol was designed to enable Healthcare Chiropractic Clinic and Nguyen to continue to bill for predetermined and medically

unnecessary chiropractic care so as to inflate the amount of no-fault benefits that were claimed and paid.

33.    Healthcare Chiropractic Clinic submitted bills, records and supporting documents to State Farm for Insureds' visits with Nguyen and other chiropractors employed by Healthcare Chiropractic.

34.    The Healthcare Chiropractic Clinic records document Nguyen's recommendations for chiropractic care that was to be provided by Healthcare Chiropractic Clinic.

35.    The recommendations for virtually every patient were for chiropractic care at a rate of three times per week with re-evaluation after 12–15 visits. (See Exhibit D annexed hereto, which forms the basis for these allegations.).

36.    The predetermined protocol includes an initial chiropractic evaluation that was allegedly performed by Nguyen.

37.    Nguyen also purported to re-examine the individual patients. Just as with the initial examinations, the re-examinations were not performed to legitimately diagnose and update individualized treatment plans. Rather, the re-examinations were performed to support the predetermined protocol and to recommend additional, unnecessary chiropractic care. This practice is evidenced by record entries that show that virtually every alleged re-examination performed resulted in a continued treatment plan recommendation of treatment three times per week with re-evaluation after 12 or 12-15 visits. (See Exhibit E annexed hereto, which forms the basis for these allegations.)

38.    Virtually every patient begins chiropractic care on the same day that his/her initial examination at Healthcare Chiropractic Clinic is performed. Despite the fact that it is well-established medical practice that stretching and physical exercise are the primary forms of treatment for soft tissue injuries of the neck and back, the predetermined protocol utilized by Healthcare Chiropractic Clinic and Nguyen heavily relied upon passive modalities that permitted Healthcare Chiropractic Clinic to improperly submit multiple charges for unnecessary medical treatment.

39.    The Healthcare Chiropractic Clinic patients each purportedly received the following care during each visit: adjustments, hot and/or cold packs, electrical muscle stimulation, and manual therapy/massage. (See Exhibit C annexed hereto, which forms the basis for these allegations.)

40.    Healthcare Chiropractic Clinic does not provide the modalities, if they are provided at all, because they are medically necessary for each patient. Rather, Healthcare Chiropractic Clinic provides each of the referenced modalities to increase the charges to be submitted to and collected from State Farm in the form of personal-injury-protection or no-fault benefits. While any one of the treatment modalities may be medically necessary for a particular patient on a given day, the comprehensive combination of treatments allegedly provided is seldom, if ever, medically necessary for any patient on a single day, much less during virtually every visit.

41.   In addition to fraudulently billing for care that was not medically necessary, Healthcare Chiropractic Clinic also submitted billing to State Farm for modalities that were not performed at all.

42.   State Farm has obtained information from various Insureds through examinations under oath ("EUO") and sworn statements that are representative of Healthcare Chiropractic Clinic's and Nguyen's fraudulent protocol treatment and billing scheme. The insureds' examinations under oath were taken during the relevant time frame from June 2007 to March 2015. Representative examples of insured's EUO testimony include:

**Claim No. 23-2116-126**

State Farm Insured H.H.V. was involved in a motor vehicle accident on December 20, 2008. H.H.V.'s EUO was taken on March 23, 2009. State Farm was billed by Healthcare Chiropractic for an examination, CPT Code 99203[1], performed on December 24, 2008. During his examination under oath, H.H.V. testified that his first visit consisted of the chiropractor asking him what happened, where he felt pain, and checking his reflexes. H.H.V. denied any other examination during his initial visit.

Healthcare Chiropractic treatment records for December 24, 2008 also identify performing treatment including: adjustments to three-to-four regions (CPT Code 98941); hot/cold packs (CPT Code 97010); electrical muscle stimulation (CPT Code 97014); and manual therapy (CPT Code 97140). H.H.V. denied receiving any care during his initial visit other than a check-up.

Healthcare Chiropractic billed State Farm for a re-examination (CPT Code 99213) on February 6, 2009. The chiropractic records also document the performance of a re-examination on that date.

---

[1] CPT Code 99203 is used for the evaluation and management of a new patient and requires three key components. The components are a detailed history, a detailed examination and medical decision making of low complexity. Typically this type of exam requires a thirty minute face-to-face consultation between the doctor and the patient.(See Exhibit C Legend p. 14)

However, H.H.V. testified that no re-examination or re-evaluation was performed on him at Healthcare Chiropractic Clinic on that date.

**Claim No. 23-2186-732**

State Farm Insured R.K. was involved in a motor vehicle accident on October 23, 2009. R.K.'s EUO was taken on December 22, 2009. Healthcare Chiropractic billed State Farm for an initial examination, CPT Code 99203, performed during R.K.'s first visit to the clinic on October 26, 2009. The records reference the performance of numerous orthopedic and neurological tests. During his examination under oath, R.K. does not describe performing all of the identified orthopedic tests.

State Farm was billed by Healthcare Chiropractic for the performance of therapeutic exercises, CPT Code 97110. R.K., testified that he received direction from the doctor on how to perform the exercises, however the doctor would not always stay with the Claimant during all therapeutic exercise treatments. At times the doctor would leave Claimant to perform the exercises by himself to tend to other patients. The information provided by the insured establishes that he did not receive the direct one-on-one patient contact during all therapeutic exercise treatment necessary for Healthcare Chiropractic to legitimately bill for CPT Code 97110.

**Claim No. 23-2233-968**

State Farm Insured M.C. was involved in a motor vehicle accident on April 29, 2010. M.C.'s EUO was taken on September 29, 2010. Healthcare Chiropractic billed State Farm for an initial examination, CPT Code 99203. M.C. testified that Healthcare Chiropractic did not perform a complete CPT Code 99203 examination as billed to State Farm. M.C. testified that on the first visit she filled out paperwork and then, without being examined, she was treated by the chiropractor.

Healthcare Chiropractic Clinic billed State Farm for therapeutic exercises, CPT Code 97110. M.C. testified that she began performing exercises in August 2010. Healthcare Chiropractic billed for therapeutic procedure CPT Code 97110 starting on June 24, 2010. M.C. also testified that when she performed the therapeutic exercises the chiropractor was not in the room. Therefore, the exercises were not performed one-on-one, which is a requirement to legitimately bill for therapeutic exercise under CPT 97110.

**Claim No. 23-075K-636**

State Farm Insured O.S. was involved in a motor vehicle accident on December 31, 2011. O.S.'s EUO was taken on March 2, 2012. O.S's testimony establishes that Healthcare Chiropractic did not perform a complete examination for a CPT Code 99203 as billed to State Farm. O.S. testified that no one at Healthcare Chiropractic felt her abdomen, asked her to lay on her stomach and bring her heel of her foot to her buttocks to see if she could physically perform that maneuver, nor was she asked to lay on her back and lift her legs up to see if it caused pain. O.S.'s testimony establishes that Healthcare Chiropractic did not perform a Re-Examination (CPT Code 99213) as billed to State Farm.

Healthcare Chiropractic billed for an adjustment on each visit but O.S. testified that on at least two or three occasions, she received no adjustment.

All of the Healthcare Chiropractic bills identify Dr. Nguyen as the treating physician, which is inconsistent with O.S.'s testimony that she was treated by a chiropractor other than Nguyen on a number of occasions.

**Claim No. 23-2345-187**

State Farm Insured P.V. was involved in a motor vehicle accident on July 5, 2011. P.V.'s EUO was taken on September 29, 2011. P.V. testified that Healthcare Chiropractic did not perform a complete examination, CPT Code 99203, as billed to State Farm. P.V. testified that on her first visit to Healthcare Chiropractic she filled out paperwork and without being examined, she then went to the treatment room to be treated. P.V. testified that at no time after her accident did anyone from Healthcare Chiropractic perform an examination on her. P.V. testified that no one at Healthcare Chiropractic ever checked her eyes or ears; checked her blood pressure or heart rate; checked her lungs; felt her abdomen; checked her range of motion, to see how far she could bend or twist; drawn her blood; or had her lie on her back and raise her legs or do certain movements to see if it caused pain. These are orthopedic and neurological tests that would be part of completing a proper examination supportive of billing for a CPT Code 99203.

Healthcare Chiropractic also billed for electrical muscle stimulations, CPT Code 97014, on each visit; P.V. testified that she did not receive electrical muscle stimulations at any visit.

**Claim No. 23-1993-420**

State Farm Insured S.N. was involved in a motor vehicle accident on July 17, 2007. Following the accident, State Farm insured S.N. was seen at Healthcare Chiropractic Clinic.   Healthcare Chiropractic Clinic submitted bills to State Farm for treatment that was allegedly provided to S.N.  The billing submitted to State Farm referenced the performance of a detailed examination, re-examinations, three-to-four level adjustments, manual therapy, electrical muscle stimulation, mechanical traction, hot/cold packs, massage, and therapeutic exercise.

S.N. provided sworn testimony during a recorded statement on January 23, 2009.  S.N.'s testimony establishes that she did not receive a detailed initial examination as referenced in the records and billed to State Farm. S.N. stated that the chiropractor touched her back and checked her neck, but S.N. denied that the chiropractor performed any other tests or examination procedures. Further, S.N.'s testimony established that she did not receive treatment consistent with Healthcare Chiropractic's billing for an adjustment on each visit. S.N. stated that during the period of time that she was treating three times per week, she was only being adjusted two times per week, not three as billed by Healthcare Chiropractic.

S.N. further testified that she was treated by a substitute chiropractor at Healthcare Chiropractic Clinic for a specific period of time.  The Healthcare Chiropractic Clinic records, however, falsely indicate that Dr. Nguyen was the only chiropractor who provided the treatment to S.N. during that time period.

(See Exhibit F annexed hereto, which provides additional examples of insureds' testimony that form the basis for these allegations and are incorporated herein by reference.)

43.    State Farm has also obtained information from former Healthcare Chiropractic employees. The information obtained from the former employees substantiates the information obtained from insureds and further establishes that

Healthcare Chiropractic Clinic directly solicited patients, implemented a predetermined protocol regarding frequency and treatment regardless of the individual patient's condition and complaints, fraudulently modified patient records, and billed for treatment not rendered.

44.     According to a chiropractic assistant who was formerly employed at Healthcare Chiropractic Clinic, Nguyen instructed the former chiropractic assistant  to directly solicit patients. If a patient the former chiropractic assistant solicited began treating the former chiropractic assistant would receive $200. A former massage therapist who worked at Healthcare Chiropractic Clinic, also confirmed that the clinic engaged in direct solicitation of patients.

45.     The former chiropractic assistant further confirmed the existence of a treatment protocol. After a limited examination, if any, was performed, the patient was instructed to treat three times per week regardless of the nature and extent of the individual patients' injuries. The patients received adjustments, electrical stimulation, hot packs, and massage. Healthcare Chiropractic Clinic would only deviate from this protocol in situations when time was limited on a given day. In those cases, a patient may only receive an adjustment and massage.

46.     According to the former chiropractic assistant, the adjustments and modalities that were allegedly performed were also limited, not consistent with the insured's complaints, or otherwise not performed as represented in the chiropractic records and bills. A massage may be limited to just five minutes.

17

Defendant Nguyen would adjust areas of the body in which the Insured did not identify any pain complaints and failed to perform lumbar adjustments. The former chiropractic assistant was also unaware of any manual therapy being performed at the clinic. However, State Farm was billed for manual therapy claimed to have been performed at Healthcare Chiropractic Clinic.

47.     The frequency protocol of three times per week was also confirmed by the former massage therapist. All patients were required to treat at a rate of three times per week. The former massage therapist also advised that each patient received adjustments, electrical muscle stimulation, hot packs, and massage. According to the former massage therapist, the patients often would not want to receive all treatments for reasons including time constraints.

48.     The former chiropractic assistant is familiar with Healthcare Chiropractic Clinic records and the creation of the records. According to the former chiropractic assistant, patients would sign blank patient treatment records known as "SOAP" (an acronym for subjective, objective, assessment and plan) notes. The former chiropractic assistant  is also aware of instances in which patients would sign SOAP notes at Healthcare Chiropractic Clinic and then leave without receiving any treatment. Healthcare Chiropractic Clinic would then complete the records which fraudulently reflected treatments which had not been rendered. The former massage therapist also confirmed that patients would sign-in at the clinic and leave without receiving care.

49.    Defendant Nguyen instructed the former chiropractic assistant to change pain level information which had been reported by patients contained in the individual patient records so as to exaggerate the pain levels actually reported. The former chiropractic assistant was also aware of instances in which areas that the former chiropractic assistant left blank on the records were later completed by others at Healthcare Chiropractic Clinic who had not been involved in the patients' treatments. Additionally, information contained in the records, including the subluxation findings, were simply repeated from chart to chart and completed by Healthcare Chiropractic Clinic employees without actually reflecting the true condition of the patients, again to exaggerate the patients' condition in order to support charges for additional, unnecessary medical care.

50.    The former massage therapist was also familiar with the completion of records at Healthcare Chiropractic Clinic. The former massage therapist was instructed by Defendant Nguyen to circle "daily" with respect to the frequency of pain identified on the SOAP notes. The former massage therapist would circle "daily" without even asking the patient about the frequency at which an individual patient experienced pain.

51.    The former chiropractic assistant was informed by Defendant Nguyen that individual patients needed to incur medical expenses totaling at least $4,000 in order to submit a bodily injury case under Minnesota law. If a

patient stopped coming to the clinic, the patient would be contacted to remind them to attend clinic appointments at a rate of three times per week.

52.    While Defendants' fraudulent scheme involved multiple components, there was one common purpose, to maximize the charges for first-party, no fault insurance benefits, specifically personal-injury-protection benefits, that could be submitted to State Farm under the Minnesota No-Fault Automobile Insurance Act, Minn. Stat. § 65B.41, *et seq.* (hereinafter "the No-Fault Act"). The components of the fraudulent scheme also included the illegal solicitation and steering of patients to Healthcare Chiropractic Clinic in violation of Minn. Stat. §65B.54 subd. (6), the submission of charges for services that were not provided and the submission of charges for services that were based on a treatment protocol resulting in unnecessary care, all for financial gain.

53.    Healthcare Chiropractic Clinic and Nguyen then submitted bills, records and supporting documents to State Farm seeking payment for medical and chiropractic care allegedly provided to individual Insureds. The bills, records and supporting documentation were submitted to State Farm under personal-injury-protection coverage provided by State Farm automobile insurance policies with the intent that State Farm rely on the misrepresentations contained in the bills, treatment records and supporting documentation.

54.    At all times relevant, Minnesota state law has required medical and healthcare providers to use the CMS 1500 Uniform Billing Form ("CMS 1500 Form") (See Exhibit G Sample CMS 1500 Form, annexed hereto.) to bill for

services rendered.  Minn. Stat. § 62J.52.  The CMS 1500 Form is completed by the healthcare provider, and the provider must sign the form, which specifically states that the services listed in the form were medically appropriate and necessary for the care of the patient.  The CMS 1500 Form further provides that the provider represents the services were personally furnished by the provider or other qualified health care professional employees under the physician's personal direction.  The certification states:

> Signature Of Physician (Or Supplier): I certify that the services listed above were medically indicated and necessary to the health of this patient and were personally furnished by me or my employee under my personal direction.

55.    The CMS 1500 Form completed by the healthcare provider contains the following notice:

> Any person who knowingly files a statement of claim containing any misrepresentation or false, incomplete or misleading information may be guilty of a criminal act punishable under law and may be subject to civil penalties.

56.    In submitting the bills, records and supporting documents to State Farm, Healthcare Chiropractic Clinic and Nguyen attested to the medical necessity of the care provided, the legitimacy and propriety of the submitted charges and Healthcare Chiropractic Clinic's eligibility and legal standing to present and collect upon the bills.

57.    Defendants, both individually and as representatives of Healthcare Chiropractic Clinic, are obligated — legally and ethically — to act honestly and with integrity.

58.     State Farm reasonably believed that Defendants and those associated with them were law abiding and that Healthcare Chiropractic Clinic and Nguyen were abiding by their ethical obligations.  State Farm relied on the billings and supporting documents and issued payments based upon this reliance.

59.     State Farm is under statutory and contractual obligations to promptly and fairly process claims. The records, bills and supporting documents Defendants submitted to State Farm were designed to and did cause State Farm to justifiably rely upon them. As a result, State Farm paid more than one million three hundred eight thousand thirteen dollars and ninety nine cents ($1,308,013.99) based upon Defendants' misrepresentations. (Defendants fraudulently billed State Farm for each of the insureds identified in the chart annexed hereto as Exhibit A.)

## FIRST CLAIM FOR RELIEF: DECLARATORY RELIEF
## FRAUDULENT BILLING PRACTICES

60.     State Farm incorporates and re-alleges as if fully set forth herein each of the allegations contained in paragraphs 1 through 59, and further states and alleges as follows:

61.     State Farm seeks declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

62.     State Farm received bills, records and supporting documents from Healthcare Chiropractic Clinic for treatment that was allegedly provided to

individuals seeking personal-injury-protection or no-fault benefits under State Farm insurance policies.

63.    The Court has the power to declare the rights of parties and other legal relations, including but not limited to, statutory rights.

64.    There is an actual case and controversy between State Farm and Defendants as to all charges for examinations, diagnoses, and treatments that have been paid. State Farm contends that Defendants are not entitled to reimbursement for any of these charges. The issue is whether the chiropractic bills submitted by Healthcare Chiropractic Clinic and Nguyen were owed by State Farm under the provisions of the applicable policy and the Minnesota No-Fault Act, Minn. Stat. § 65B.41*, et seq.*

65.    The evidence establishes that Defendants designed a treatment protocol directing unnecessary care for the sole purpose of maximizing their financial gain. The treatment was not designed for the needs of the individual patients.

66.    State Farm also obtained information from Insureds regarding their injuries and the care they allegedly received from Healthcare Chiropractic Clinic.

67.    The information provided by the Insureds established that State Farm was billed by Healthcare Chiropractic Clinic and Nguyen for care that was not provided to the Insureds as represented in the Healthcare Chiropractic Clinic bills, records and supporting documents. The care at issue included, but was not limited to, examinations. The information obtained from Insureds

established that the examinations were not provided as represented in the records, bills and supporting documents submitted by Healthcare Chiropractic Clinic.

68.    State Farm also obtained information  that established that Healthcare Chiropractic Clinic billed for care, including therapeutic exercise (CPT Code 97110), that was not provided as represented in the bills and records and/or was not provided consistent with the requirements of the CPT Codes. The CPT (an acronym for Current Procedural Terminology) Code is a medical code set maintained by the American Medical Association used by medical professional when billing for various medical procedures.

69.    State Farm also obtained information that established that Healthcare Chiropractic Clinic billed for care, including adjustments (CPT Code 98941), that were not provided as represented in the bills and records and/or were not provided in a manner consistent with the requirements of the CPT Codes.

70.    Because Defendants intentionally made false and fraudulent misrepresentations and otherwise engaged in the fraudulent conduct detailed above upon which State Farm reasonably relied and paid money in medical expenses, Defendants' conduct precludes Defendants from retaining payment from State Farm for any bills paid or requiring State Farm to pay pending or future bills submitted by Defendants.

71.     State Farm seeks a declaration that the chiropractic bills submitted to State Farm by Healthcare Chiropractic Clinic and Nguyen are not owed by State Farm due to Healthcare Chiropractic Clinic's intentional misrepresentations, including providing unnecessary care for the purpose of financial gain and billing for treatment not rendered, and that State Farm is entitled to recover all benefits it paid to Healthcare Chiropractic Clinic pursuant to Minn. Stat. §65B.54, subd. 4 and is excused from paying pending or future bills submitted by Defendants.

### SECOND CLAIM FOR RELIEF: COMMON LAW FRAUD AND MISREPRESENTATION

72.     State Farm incorporates and re-alleges as if fully set forth herein each of the allegations contained in paragraphs 1 through 71, and further states and alleges as follows:

73.     As more fully set forth above, Defendants engaged in fraudulent schemes to obtain payment of personal-injury-protection benefits from State Farm for treatment allegedly provided to their patients.

74.     Defendants operated a comprehensive scheme to design and operate a system of recruiting motor vehicle accident victims, allegedly treating them through a predetermined treatment protocol that does not allow for individualized patient care in order to maximize Defendants' financial gain.

75.     The evidence establishes that Defendants designed a fraudulent treatment protocol in order to render unnecessary medical care for financial gain. The treatment was not designed for the individual needs of the patient.

76.     Defendants have made or caused to be made materially false representations to State Farm when submitting chiropractic records, claims and other materials and documents to State Farm which sought payment for treatment not rendered and for unnecessary treatment rendered pursuant to a pre-established protocol.

77.     Defendants provided unreasonable and unnecessary care to State Farm's Insureds.

78.     The alleged treatment provided by Defendants was not individualized or otherwise tailored to a patient's needs. The evidence shows that Defendants provided the same recommendations and care regardless of the individual patient's age, history, or present complaints.

79.     Defendants, in billing for the services allegedly provided to State Farm's Insureds, represented that the treatment was reasonable and necessary for the physical recovery of the patients. These representations were false. Defendants' predetermined treatment protocol was implemented solely to maximize the financial benefit for Defendants.

80.     Defendants had knowledge that the treatment provided to State Farm's Insureds was not individualized.

81.     The evidence also establishes that Defendants billed State Farm for examinations and services that were not provided as represented in the bills and records.

82. Defendants submitted bills to State Farm seeking payment for chiropractic care allegedly provided to individuals who submitted claims for personal-injury-protection benefits under State Farm insurance policies.

83. State Farm issued payment to the Healthcare Chiropractic Clinic and Nguyen upon the representations in the bills, records and supporting documents submitted by Defendants to State Farm.

84. When State Farm issued payment to Defendants, State Farm did so in justifiable reliance upon the misrepresentations of Defendants.

85. As more fully set forth above, State Farm's reliance upon the Defendants' representations was reasonable.

86. The evidence establishes that Defendants designed a treatment protocol mandating unnecessary care for financial gain. The treatment was not designed for the individual needs of the patient.

87. The bills, records and supporting documents submitted to State Farm by Defendants referenced treatment, including but not limited to examinations and re-examinations, that was not provided to Insureds as represented to State Farm.

88. When Healthcare Chiropractic Clinic and Nguyen submitted the bills, records and supporting documents to State Farm, Defendants knew that the bills, records and supporting documents sought payment for care that was not provided to the individual patients. By signing the CMS 1500 billing forms,

Defendant Ngyuen actively participated in submitting the fraudulent billings with supporting records and documents to State Farm

89.    Healthcare Chiropractic Clinic and Nguyen submitted the bills, records and supporting documents to State Farm intending that State Farm would rely upon the representations contained within the bills, records and supporting documents.

90.    State Farm was justified in relying and did rely upon the bills, records and supporting documents submitted by Healthcare Chiropractic Clinic and Nguyen.

91.    Plaintiffs have a statutory duty to their Insured's to pay reasonable and necessary medical expense benefits. These benefits were reduced or diminished by payments made to Healthcare Chiropractic Clinic and Nguyen based on false and fraudulent billing.

92.    As a direct result of Defendants' intentional misrepresentations, and State Farm's reasonable reliance thereon, State Farm sustained damages, in an amount to be determined at trial, but in no event less than the total sum of one million three hundred eight thousand thirteen dollars and ninety nine cents ($1,308,013.99). (Defendants fraudulently billed State Farm for each of the insureds identified in the chart annexed hereto as Exhibit A.)

## THIRD CLAIM FOR RELIEF: UNJUST ENRICHMENT

93.    State Farm incorporates and re-alleges as if fully set forth herein each of the allegations contained in paragraphs 1 through 92, and further states and alleges as follows:

94.    As set forth above, Defendants engaged in improper, unlawful, and/or unjust acts, all to the harm and detriment of State Farm.

95.    When State Farm paid bills and charges submitted by or on behalf of Defendants for personal-injury-protection benefits, it reasonably believed that it was legally obligated to make such payments based on Defendants' improper, unlawful, and/or unjust acts.

96.    Defendants were and continue to be enriched at State Farm's expense through State Farm's payments to Defendants based upon Defendants' representations. Defendants voluntarily accepted this benefit notwithstanding the improper, unlawful, and unjust conduct and billing.

97.    Defendants' retention of State Farm's payments violates fundamental principles of justice, equity and good conscience.

98.    By reason of the above, Defendants have been unjustly enriched, and State Farm has been damaged, in an amount to be determined at trial, but in no event less than the total sum one million three hundred eight thousand thirteen dollars and ninety nine cents ($1,308,013.99). (Defendants fraudulently billed State Farm for each of the insureds identified in the chart annexed hereto as Exhibit A.)

WHEREFORE, State Farm prays for the following relief:

1.      A declaration that State Farm is entitled to recover payments made to Defendants for charges because Defendants are not entitled to payment for the charges related to care allegedly provided to patients that have submitted claims for personal-injury-protection benefits to State Farm and that State Farm be excused from paying pending and future billings from Defendants based on Defendants' violation of Minn. Stat. § 65B.54, Subd. 4.

2.      Awarding judgment in favor of State Farm and against Defendants for  medical and chiropractic expenses paid by State Farm to Defendants in the amount of one million three hundred eight thousand thirteen dollars and ninety nine cents ($1,308,013.99), together with prejudgment interest and post judgment interest.

3.      For costs of suit incurred herein.

4.      For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

State Farm hereby demands that this matter be tried by a jury.

Dated: May 21, 2015                    **HKM**

s/Michael M. Carter
William L. Moran, #177167
Michael M. Carter, #192557
Attorneys for Plaintiffs
30 East Seventh Street, Suite 3200
St. Paul, MN 55101-4919
wmoran@hkmlawgroup.com
mcarter@hkmlawgroup.com
(651) 227-9411