UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company,** | Civil No. 15-CV-2527 (SRN/HB) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| **Healthcare Chiropractic Clinic, Inc. and Huy Nguyen, DC** | |
| Defendants. | |

_____

Jeffrey A. Abrahamson and William L. Moran, HKM, P.A., 30 East Seventh Street, Suite 3200, St. Paul, Minnesota 55101; Mathea K.E. Bulander, Redgrave LLP, 120 South Sixth Street, Suite 2490, Minneapolis, Minnesota 55402; John W. Reale, Matthew Russell Ryan, and Ross O. Silverman, Katten Muchin Rosenman LLP, 525 West Monroe Street, Suite 1600, Chicago, Illinois 60661, for Plaintiffs.

Brian D. Clark, David W. Asp, Eric N. Linsk, Gregory J. Myers, Sahr A.M. Brima, Lockridge Grindal Nauen PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis, Minnesota 55401; Emily A. Ambrose and Michael A. Hatch, Blackwell Burke PA, 431 South Seventh Street, Suite 2500, Minneapolis, Minnesota 55415, for Defendants.

Kevin J. Kennedy and Forrest G. Hopper, Borgelt, Powell, Peterson & Frauen S.C., 7815 Third Street North, Suite 203, Oakdale, Minnesota 55128, for Intervenor National Insurance Crime Bureau
_____

SUSAN RICHARD NELSON, United States District Court Judge

Before the Court are the Objections [Doc. No. 151] filed by Intervenor National

Insurance Crime Bureau ("NICB") to the magistrate judge's orders of July 13, 2016 [Doc.

Nos. 136 & 137] and July 29, 2016 [Doc. No. 150] concerning the Motion to Compel

[Doc. No. 103] filed by Defendant Healthcare Chiropractic Clinic, Inc. ("HCC"). The NICB objects to Magistrate Judge Bowbeer's rulings with respect to a letter from the NICB to member insurance companies dated January 19, 2016 (the "January 2016 Letter"). (Obj. at 3.) Defendants oppose the NICB's objections. (Defs.' Resp. to Obj. [Doc. No. 160].)

On August 31, 2016, the Court requested that the NICB provide the January 2016 Letter to the Court for *in camera* review. (8/31/16 Order at 2 [Doc. No. 177].) Having now conducted that review, and based upon the parties' legal arguments and the underlying rulings of the magistrate judge, the Court affirms the rulings of the magistrate judge, for the reasons set forth herein.

## I. BACKGROUND

In May 2015, Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm") filed this action against Defendants HCC and Huy Nguyen, DC, seeking to recover insurance benefits paid by State Farm from January 2007 to January 2015. (Compl. ¶ 1 [Doc. No. 1].) State Farm asserts claims of fraud, misrepresentation, and unjust enrichment related to Defendants' treatment, diagnoses and billing practices provided to persons involved in motor vehicle accidents. (Id. ¶¶ 1; 60-98.)

On February 4, 2016, Defendants requested the production of all NICB communications related to Defendants. (Asp Aff. ¶ 9 [Doc. No. 107].) The NICB is a non-profit organization involved in gathering information to detect, investigate, and

prevent insurance fraud. (Hertz Aff. ¶ 2 [Doc. No. 130].) James Hertz, the NICB's Associate General Counsel, states that the NICB gathers data and disseminates it to law enforcement and/or the NICB's member insurance companies in order to assist in the investigation and prosecution of fraudulent insurance claims and schemes. (Id. ¶ 3.)

Plaintiffs objected to Defendants' discovery request concerning their communications with the NICB, citing a confidentiality agreement between State Farm and the NICB. (See Pls.' Resp. to Defs.' Req. No. 8, Ex. 8 to Asp Aff. [Doc. No. 107-2].) Plaintiffs produced redacted documents, (see Email of 3/13/16, Ex. 9 to Asp. Aff. [Doc. No. 107-2]), and offered to withdraw their objections if Defendants obtained the NICB's agreement that the documents could be produced. (Asp. Aff. ¶ 16.) Plaintiffs also withheld one communication in its entirety from production – the January 2016 Letter. (See Defs.' Opp'n to Obj. at 2 [Doc. No. 160].) Defendants objected to Plaintiffs' redactions and the withholding of the document in question. (Id.)

While the parties attempted to resolve their disagreement, on March 17, 2016, HCC served the NICB with a subpoena duces tecum, requesting the production of documents concerning the NICB's investigation of Defendants, documents relating to any factual allegation in the Complaint in this suit, communications between the NICB and Plaintiffs regarding Defendants, communications between the NICB and no-fault automobile insurance companies regarding Defendants, and documents regarding any meetings at which any Defendants were discussed. (Hertz Aff. ¶ 12, Ex. A [Doc. No. 130-1].) On March 28, 2016, the NICB's counsel submitted written objections to the subpoena.

(Kennedy Aff. ¶ 4 [Doc. No. 132], Ex A [Doc. No. 132-1].)  Based on an agreement with HCC's counsel, on June 2, 2016, the NICB produced three documents, subject to the redaction of any third-party information.  (Kennedy AFf. ¶ , Ex. B [Doc. No. 132-2]; Am. Kennedy Aff. ¶ 6 [Doc. No. 135].)  Since that time, Defendants have sought no further production from the NICB.  (Am. Kennedy Aff. ¶ 7.)

On April 15, 2016, after reviewing their initial redactions, Plaintiffs apparently produced the same documents they had previously produced, albeit with fewer redactions and a privilege log.  (Defs.' Mem. Supp. Mot. to Compel at 4.)  As to Plaintiffs' documents redacted on grounds of non-responsiveness and the investigatory privilege, (see Asp. Aff., Ex. 10 at Entries 17, 241, 242, and 243; Ex. 11), Defendants contend that they were identical to the documents later produced by the NICB on June 2, 2016.  (Defs.' Mem. Supp. Mot. to Compel at 5.)

Because Plaintiffs refused to disclose the documents in unredacted form without the express permission of the NICB or a court order, HCC moved to compel the production of this discovery from Plaintiffs.  (Kennedy Aff. ¶ 7.)  Defendants argued that Plaintiffs could not withhold documents from discovery simply because the NICB instructed them to do so and that no investigatory privilege applies.  (Defs.' Mem. Supp. Mot. to Compel at 8-11 [Doc. No. 106].)

The NICB moved to intervene in this action for the purpose of opposing Defendants' motion, (see NICB's Mem. Supp. Mot. to Intervene at 6-11 [Doc. No. 129]); the magistrate judge granted NICB's intervention request.  (7/13/16 Minute Entry & Text-

Only Order.) Addressing Defendants' Motion to Compel, the NICB argued that the information sought by HCC is not relevant and the requested information is protected from disclosure by the investigatory privilege. (NICB's Opp'n Mem. at 11-19 [Doc. No. 129].) In support of its privilege argument, the NICB submitted supporting affidavits from Hertz, its Associate General Counsel, and from Michael W. Marben, Director and Chief Law Enforcement Officer of the Commerce Fraud Bureau, Minnesota Department of Commerce.

Ruling on HCC's Motion to Compel from the bench on July 13, 2016, Magistrate Judge Bowbeer granted the motion in part and denied it in part. (7/13/16 Minute Entry & Text-Only Order.) The magistrate judge distinguished between a motion to compel directed to a party, as is the case with the motion to compel here, and a subpoena directed to a non-party. In addition, Magistrate Judge Bowbeer found no authority for the application of an investigatory or informant's privilege to the documents at issue, which were in the hands of State Farm, as opposed to the hands of a law enforcement entity. The magistrate judge also found, under Federal Rule of Civil Procedure 26(c)(1), that a protective order could address many of the NICB's concerns. In addition, under Rule 26(c), the magistrate judge held that certain limited information, if non-relevant and non-responsive, could be redacted on legitimate confidentiality grounds, subject to certain conditions. As to these limited exceptions, Magistrate Judge Bowbeer found that the sensitivity of the information outweighed the relevance of or need for the information to HCC to defend itself or prosecute any counterclaims in this action. The magistrate judge

ruled as follows, in pertinent part:

> Documents referring to Defendants or the investigation of Defendants must be produced in their entirely, unredacted, with two exceptions: (1) Portions of documents that in no way relate to Defendants may be redacted; and (2) Portions of documents that relate to Defendants but that relate exclusively to other insurers and do not relate to State Farm or the claims that State Farm is asserting against Defendants may be redacted, provided that State Farm does not intend to rely in whole or in part on Defendants' history or practices with respect to other insurers to support their claims in this case.  Each such redaction must be logged.  The log must be clear as to the specific reason for the redaction.  The Court will entertain a request to modify the protective order to allow highly sensitive documents or portions thereof to be designated Highly Confidential–Attorneys' Eyes Only.

(7/13/16 Minute Entry.)

The NICB subsequently sought clarification of the ruling.  (7/25/16 Letter [Doc. No. 147].)  Specifically, it questioned whether the ruling applied to the January 2016 Letter and indicated that it had verified with Plaintiffs' counsel that Plaintiffs had no intention "to use this document or the information contained therein, either in whole or in part, in this lawsuit."  (Id. 1-2.)  In a subsequent text-only order, the magistrate judge confirmed that the prior ruling applied to the January 2016 Letter.  (7/29/16 Text-Only Order.)

The NICB objects to the magistrate judge's prior rulings on two bases. First, it argues that because the January 2016 Letter post-dates the Complaint by several months, it is outside the temporal scope of discovery.  (Obj. at 4.)  Second, it argues that the document contains sensitive, confidential information that should be shielded from discovery under the investigatory privilege.  (Id. at 4-6.)  The NICB maintains that the

6

magistrate judge's ruling is ambiguous as to the January 2016 Letter, clearly erroneous, and contrary to law.  (Id. at 4-10.)

## II.  DISCUSSION

### A.  Standard of Review

A district court's review of a magistrate judge's order on a nondispositive matter, such as the underlying motion here, is "extremely deferential."  Reko v. Creative Promotions, Inc., 70 F. Supp.2d 1005, 1007 (D. Minn. 1999); see also United States v. Raddatz, 447 U.S. 667, 673 (1980).  The Court will reverse such a ruling only if it is clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a).

First, as to the NICB's contention that the magistrate judge's ruling is ambiguous in terms of whether it applies to the January 2016 Letter, this objection is overruled as moot.  The subsequent ruling of July 29, 2016 clearly indicates that the prior ruling encompasses the January 2016 Letter.  (7/29/16 Text-Only Order) (stating "That [prior order] included the document that was withheld in its entirety.").

Second, as to whether the January 2016 Letter is not relevant and not subject to production because it post-dates the filing of the Complaint, the Court is unaware of any agreements between the parties with respect to temporal discovery limitations in this matter.  But based upon the Court's *in camera* review, although the letter itself post-dates the Complaint, it concerns a request for data from November 1, 2013 to January 15, 2016. (January 2016 Letter at 1.)  Because some of this time period pre-dates the Complaint, the Court does not accept the NICB's argument for excluding the production of the January

2016 Letter on temporal grounds.

As to the magistrate judge's ruling on the NICB's confidentiality and privilege concerns, the Court likewise finds no error. The rationale underlying Magistrate Judge Bowbeer's ruling is sound. The Eighth Circuit has observed, "There is a limited evidentiary privilege which protects the informal investigatorial and trial-preparatory processes of regulatory agencies such as the NLRB." Stephens Produce Co. v. N.L.R.B., 515 F.2d 1373, 1376 (8th Cir. 1975) (finding that the need for the requested material did not warrant the production of the information under the discovery rules, nor did it overcome the limited investigatory privilege). Id. Another district court within the Eighth Circuit has similarly observed, "There is a limited, federal common law of privilege which protects criminal investigatory files." Lykken v. Brady, No. CIV. 07-4020-KES, 2008 WL 2077937, at * 5 (D.S.D. May 14, 2008) (Duffy, Mag. J.) (citing Stephens Produce, 515 F.2d at 1376) (finding the privilege did not apply where the agency failed to describe the withheld documents with particularity and failed to show how their disclosure would interfere with enforcement proceedings; moreover, the discovery was sought after an enforcement action had commenced and was not sought by the target of the enforcement action). These cases, however, arise where a government agency party asserts the privilege, which is not the situation here.

Magistrate Judge Bowbeer acknowledged the importance of the concerns of the NICB and the Minnesota Department of Commerce, although non-parties, about the sensitivity of the information in question. She adequately addressed many of those

concerns by issuing the Amended Protective Order which specifically provides that documents and portions of documents generated by the NICB are to be designated as "Confidential – Attorneys' Eyes Only." (Am. Protective Order at ¶ 9(b) [Doc. No. 162].) Moreover, Magistrate Judge Bowbeer provided two limited exceptions to her general requirements of production, pursuant to Rule 26(c): (1) Plaintiffs may redact portions of documents that in no way relate to Defendants; and (2) Plaintiffs may redact portions of documents that relate to Defendants, but relate to other insurers and do not relate to State Farm's claims in this litigation, provided State Farm does not intend to rely on that information. (7/13/16 Minute Entry.)

Rule 26(c) provides that upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in a variety of ways, including "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). Both the NICB's Associate General Counsel and the Minnesota Department of Commerce's Director and Chief Law Enforcement Officer strongly opposed the production of the requested information, (see Hertz Aff. & Marben Aff.), noting that the disclosure of unredacted documents would identify third parties not named in this lawsuit who are current or future subjects of fraud investigations. (Marben Aff. ¶ 3.) This sufficiently constitutes a showing of good cause under Rule 26(c)(1)(A). The magistrate judge's two exceptions addressed these significant concerns by permitting the redaction of information that in no way relates to Defendants. The Court fully agrees with the magistrate judge's rationale behind these limited exceptions, namely that the sensitivity of

the information outweighs the relevance of or need for the information to HCC to defend itself or prosecute any counterclaims in this action.

This Court, having had the benefit of *in camera* review, therefore applies Magistrate Judge Bowbeer's ruling to the January 2016 Letter, which numbers four pages in length, including its attachments.  Consistent with the magistrate judge's ruling, all of the information found on pages 2-4 of the January Letter may be redacted as non-relevant and unrelated to Defendants, with the sole exception of Defendants' names and TIN number found on page 2.  All other information in the January 2016 Letter, including the first page, shall be produced in unredacted form, subject to the Amended Protective Order and designated as "Confidential – Attorneys' Eyes Only."

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Intervenor's Objections [Doc. No. 151] are **OVERRULED**;

2. The Magistrate Judge's Orders of July 13, 2016 [Doc. Nos. 136 & 137] and July 29, 2016 [Doc. No. 150] are **AFFIRMED**;

3. The January 2016 Letter shall be produced, subject to the redactions described in this Order and pursuant to the Amended Protective Order.

Dated:   September 9, 2016

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge